**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **VIJAY K. TANEJA, et al.[1],** | * | Case No: 08-13293-SSM |
| | | Chapter 11 |
| Debtors | * | Jointly Administered |
| * * * * * * * | * | |
| **CHEVY CHASE BANK FSB,** | * | Adversary Proceeding No._____ |
| Plaintiff, | * | |
| v. | * | |
| **Vijay K. Taneja,** | * | |
| Debtor and Defendant. | * | |
| * * * * * * * * * * * * * * | | |

**COMPLAINT TO DETERMINE**
**NONDISCHARGEABILITY OF DEBT AND RELATED RELIEF**

Chevy Chase Bank FSB ("Chevy Chase"), files this Complaint to Determine Dischargeability of Debt[2] (the "Complaint") against Vijay K. Taneja ("Taneja" or the "Debtor"), and in support thereof, states as follows:

---

Paul Sweeney, VSB No. 33994
James A. Vidmar, VSB No. 71527
LOGAN, YUMKAS, VIDMAR & SWEENEY, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland  21401
(443) 569-5972
Email: psweeney@loganyumkas.com
Counsel to Chevy Chase Bank FSB

[1] The "Debtors" in these jointly administered cases include Elite Entertainment, Inc. (08-13286-SSM), Financial Mortgage, Inc. (08-13287-SSM), NRM Investments, Inc. (08-13290-SSM), Taneja Center, Inc. (08-13292-SSM), and Vijay K. Taneja (08-13293-SSM).

[2] This Complaint seeking entry of a nondischargeability judgment against Taneja on the basis of fraud, false pretenses, larceny, embezzlement and willful and malicious injury is without prejudice to Chevy Chase's claims that

*(footnote continued on next page)*

## PARTIES

1. The Debtor, Taneja, filed a voluntary petition for relief under the Bankruptcy Code on June 9, 2008 (the "Petition Date"). Taneja is the sole owner of Financial Mortgage, Inc. ("FMI"), a Virginia corporation engaged in the business of residential mortgage lending and one of the Debtors in these jointly administered chapter 11 cases. The Debtor, as the president and sole shareholder of FMI, directed and controlled all of the actions taken by FMI.

2. Chevy Chase Bank FSB is a federal savings bank incorporated in Virginia and is listed as a creditor of Taneja on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims.

3. On July 21, 2008, H. Jason Gold (the "Trustee") was appointed as the Chapter 11 Trustee for Taneja's estate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

5. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

6. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1391, 1408 and 1409.

7. The relief sought herein is based upon 11 U.S.C. §§ 105 and 523.

## FACTS

8. Taneja, through the use of his corporation FMI, carried out a deliberate scheme to defraud Chevy Chase. Taneja's based his scheme upon an initial loan, which he caused FMI to originate to himself. He then caused FMI to sell that same loan to Chevy Chase and four other

---

*(footnote continued)*
it is entitled payment of its claim as a secured claim from the proceeds of the sale of 5335 Summit Drive, Fairfax, Virginia in the contested matter that is currently pending before this Court for decision.

2

parties. He concealed the existence of the four other purchasers, falsely representing to Chevy Chase that it was the sole purchaser with a first priority lien on the property securing the loan.

9. As the president and sole owner of FMI, Taneja directed and controlled all of the action taken by FMI in connection with the sale of the loan to Chevy Chase.

10. As of the Petition Date, Taneja owed Chevy Chase principal in the amount of $2,963,768.05 plus accrued interest, costs and attorneys fees.

### A. *The Basis of Taneja's Fraudulent Scheme: The Transaction Between Taneja and FMI*

11. On or about January 25, 2007, Taneja, as borrower, executed an adjustable rate note (the "Note") to his company, FMI, as lender, for a principal loan amount of $2.95 million (the "Loan").

12. The Note was secured by Taneja's own primary residence located at 5335 Summit Drive, Fairfax County, Virginia (the "Property"), which at the time had an appraised value of approximately $6.1 million. A deed of trust for the Note (the "Recorded Deed of Trust"), dated January 25, 2007, was filed in the land records of Fairfax County, Virginia on February 1, 2008.

### B. *Taneja's False Representations and Fraudulent Conduct Towards Chevy Chase*

13. On or about January 30, 2007, Taneja arranged through FMI to sell the Note to Chevy Chase in the principal amount of $2,950,000.000 with interest accruing at the rate of 6.50%.

14. As part of the transaction arranged by Taneja, Chevy Chase received a deed of trust (the "Chevy Chase DOT") and a promissory note (the "Chevy Chase Note") from FMI. The Chevy Chase Note was secured by the Property. As part of Taneja's fraudulent scheme, the Chevy Chase DOT was never recorded in the Fairfax County land records.

3

15. On February 21, 2007, Chevy Chase wired $2,893,441.88 to BB&T account ending in 8190, account name "Financial Mortgage, Inc.", to purchase the Chevy Chase Note. The reference number for the wire transfer from Chevy Chase to FMI ends in 6096. The corresponding BB&T Wire Transfer verifies that Chevy Chase originated the wire transfer numbered xxxxxxxxxxxxxxxx6096.

16. Taneja fraudulently, falsely and/or maliciously represented that the Chevy Chase DOT was being properly recorded as security for the Chevy Chase Note.

17. Taneja fraudulently, falsely and/or maliciously represented to Chevy Chase that it was the only purchaser of the Note. Taneja further falsely, fraudulently and/or maliciously represented to Chevy Chase that the Chevy Chase DOT would have first priority on the Property.

18. On or about January 25, 2007, Taneja falsely, fraudulently and/or maliciously arranged the sale of the Note to four other financial institutions: EMC Mortgage Corporation ("EMC"), GMAC Mortgage, LLC and Residential Capital, LLC and Residential Funding Company, LLC (collectively, "GMAC"), Deutsche Bank ("Deutsche"), and Wells Fargo Funding, Inc. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo"). Each of the four copies of the Note were in the principal amount of $2,950,000.00, secured by the Property, and listed the same date of origin, January 25, 2007. In total, Taneja fraudulently obtained $14.75 million from the purchasers of the Note.

19. Chevy Chase's reliance on the authenticity of the Chevy Chase Note, the Chevy Chase DOT, and the loan purchase, was reinforced by Taneja's provision of regular payments on the loan to Chevy Chase. The regular loan payments continued until Taneja's bank accounts were frozen in April 2008.

20. As a result of Taneja's fraudulent and/or malicious sale of the Note to Chevy Chase and others and his fraudulent actions in not recording the Chase Deed of Trust in the Fairfax County Land Records, the amount owed to Chevy Chase totaling $2,963,768.05 plus accrued interest, costs and attorneys fees, should be nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6).

## CLAIMS FOR RELIEF

### Count 1 – Denial of Dischargeability Pursuant to 11 U.S.C. § 523(a)(2)A)
### (False Pretenses, False Representations, or Actual Fraud)

21. Chevy Chase incorporates, repeats, and re-alleges all allegations set forth in paragraphs 1-20 above.

22. In violation of 11 U.S.C. § 523(a)(2)(A), Taneja, has made false and fraudulent representations to Chevy Chase regarding the Chevy Chase Note and that the Chevy Chase DOT was recorded in Fairfax County land records.

23. Taneja knew the representations were false and fraudulent because he arranged the sale of copies of the Note to four other financial institutions around the same time as the sale to Chevy Chase.

24. Chevy Chase justifiably relied upon Taneja's false and fraudulent representations when it agreed to purchase the Note. Moreover, in furtherance of the fraud, Taneja continued to make regular payments on the Chevy Chase Note until April 2008 when his bank accounts were frozen.

25. As a result of Taneja's false and fraudulent representations, to Chevy Chase, the amount owed to Chevy Chase totaling $2,963,768.05, plus costs and attorney fees, should be found to be a nondischargeable judgment against Taneja.

### Count 2 – Nondischargeability Pursuant to 11 U.S.C. § 523(a)(4)

### (Embezzlement or Larceny)

26. Chevy Chase incorporates, repeats, and re-alleges all allegations set forth in paragraphs 1-25 above.

27. In violation of 11 U.S.C. § 523(a)(4), Taneja by fraud, embezzlement and larceny, obtained money totaling $2,963,768.05 from Chevy Chase. Taneja fraudulently induced Chevy Chase to pay for the Chevy Chase Note and Chevy Chase DOT.

28. As a result of Taneja's fraud, embezzlement and larceny of Chevy Chase's funds, the Court should determine that the $2,963,768.05 owed to Chevy Chase Bank, plus interest, costs and attorney fees, is a nondischargeable judgment against Taneja.

### Count 3 – Denial of Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)

### (Willful and Malicious Injury)

29. Chevy Chase incorporates, repeats, and re-alleges all allegations set forth in paragraphs 1-29 above.

30. In violation of 11 U.S.C. § 523(a)(6), Taneja willfully and maliciously injured Chevy Chase and/or its property by falsely, fraudulently and willfully representing to Chevy Chase that it was the only purchaser of the Note, and when he fraudulently did not record the Chevy Chase DOT in the Fairfax County land records.

31. Accordingly, the $2,963,768.05 owed to Chevy Chase, plus interest, costs and attorney fees, should be determined to be a nondischargeable judgment against Taneja on the basis of Taneja's willful and malicious injury to Chevy Chase.

WHEREFORE, Chevy Chase requests that this Court (1) determine that Taneja is not entitled to a discharge of indebtedness owed to Chevy Chase totaling $2,963,768.05, plus

interest, costs and attorneys fees; (2) enter a nondischargeable judgment in favor of Chevy Chase in the amount of $2,963,768.05 plus accrued interest, costs and attorneys fees; and (3) grant such other and further relief in favor of Chevy Chase as the Court deems proper.

Dated:  March 12, 2009								/s/ Paul Sweeney_____
											Paul Sweeney, VSB No. 33994
											James A. Vidmar, VSB No. 71527
											Logan, Yumkas, Vidmar & Sweeney, LLC
											2530 Riva Road, Suite 400
											Annapolis, Maryland  21401
											(443) 569-5972

											Counsel for Chevy Chase Bank FSB